NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORA J. GREEN, <br><br> Plaintiff-Appellant <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant-Appellee | No.  19-16092 <br><br> D.C. No. 3:18-cv-08018-DLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted December 7, 2020[**]
Pasadena, California

Before: GRABER and BEA, Circuit Judges, and DORSEY,[***] District Judge.

Lora J. Green appeals the district court's order affirming an administrative

law judge's (ALJ) decision to deny her application for Social Security disability

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

benefits. Reviewing the ALJ's decision de novo, *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), we affirm.

1.      The ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record to discount the contradicted opinion of Green's treating physician. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). The ALJ found that the treating physician's check-box report—which characterized Green as functionally bed-ridden and lacked explanation and support—was neither supported by, nor consistent with, the record because it contradicted years of reports that noted comparatively benign findings about a patient whose pain was adequately controlled by medication. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (holding that an "ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions" (internal quotation marks omitted)). Thus the ALJ's assignment of "little weight" to Green's treating physician was adequately detailed and supported by the record.[1]

2.      The ALJ did not err in assigning partial weight to Green's non-treating physicians' opinions because, contrary to Green's assertion, the ALJ did

---

[1] The ALJ erred when she discounted the treating physician's opinion simply because it rested in part on Green's subjective complaints. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). But because the ALJ also offered other valid reasons, this error was harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042–43 (9th Cir. 2008).

not offer a conclusion that conflicted with the non-treating physicians' reports. Additionally, Green's examining physician had the "necessary background information" about Green's impairments to provide a consistent finding based on a physical examination. *See* 20 C.F.R. § 404.1517. And because the examining physician offered "independent clinical findings that differ[ed]" from those offered by Green's treating physician, the examining physician's opinion met the substantial-evidence threshold. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal quotation marks omitted). Green's remaining argument, that the ALJ erred when explaining the factors under 20 C.F.R. § 404.1527, is unpersuasive. Green has not shown that the ALJ failed to consider the factors listed in § 404.1527(c)—even if she did not expressly list them all in her findings. *See Trevizo*, 871 F.3d at 676 (finding error when an ALJ did not consider additional relevant factors). And the ALJ noted the relevant factors for evaluating the opinions of Green's examining physician.

3.     The ALJ did not err by discounting Green's pain and symptom testimony because she gave "specific, clear[,] and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citations omitted). Years of medical records indicating that Green had a normal gait, station, range of motion, and strength, and that she was not tender to palpation or percussion, undermined her testimony that she was

severely limited in her ability to sit, stand, or walk. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The record also reflects that medication and medical marijuana adequately controlled Green's pain. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (holding that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). Finally, the ALJ legitimately considered the lack of objective medical evidence to support Green's testimony.[2] *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

**AFFIRMED.**

---

[2] Although the ALJ erred in relying on Green's daily activities, *Orn*, 495 F.3d at 639, and by misstating the record about Green's work performance, medication compliance, and marijuana use, these were harmless errors because the ALJ provided other substantial and valid reasons to discredit Green's testimony. *Carmickle*, 533 F.3d at 1162.